[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 1, 1994 Date of Application September 21, 1994 Date Application Filed September 29, 1994 Date of Decision May 23, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR93-134600;
John F. O'Brien, Esq. Defense Counsel, for Petitioner.
Carl Taylor, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of guilty, petitioner was convicted of two counts of sexual assault in the second degree, in violation of General Statutes § 53a-71(a)(1), and two counts of risk of injury to a minor child, in violation of General Statutes § 53-21.
On the sexual assault in the second degree charges, concurrent sentences of ten years execution suspended after six years with five years probation were imposed. On the risk of injury charges, sentences of five years execution suspended after two years with five years probation were imposed on each count. These sentences were to be served concurrently, but consecutive to the sentences imposed on the sexual assault charge. The total effective sentence was fifteen years execution suspended after eight years, five years probation with certain terms and conditions. A condition of probation included a requirement that petitioner have no contact with CT Page 6946 the victim or children under the age of seventeen years.
The facts underlying petitioner's conviction indicate that he sexually abused his adopted daughter for a period of about four years. The abuse began when the child was about twelve years old and occurred about thirty to forty times. Petitioner's criminal conduct consisted primarily of sexual contact with some digital penetration. When the child requested petitioner to stop this type of conduct he replied, "I'm the dad, I can do what I want."
Petitioner's attorney argued for a reduction in sentence. The attorney pointed out that petitioner's prior life had been exemplary and that he was a college graduate with a pastoral degree. In his employment petitioner had been employed in a management position and he conducted a ministry for the deaf and the elderly. The attorney also pointed out that the psychiatric report presented to the court at the time of sentencing indicated that petitioner was not a pedophile or a threat to the community.
As petitioner's attorney pointed out, and the record confirms at the time at the time of sentencing, the victim and petitioner's wife spoke on his behalf.
Speaking on his own behalf, petitioner admitted his wrongdoing, and that he deserved incarceration. Petitioner also stated that he recognized the impact which his conduct would have on the victim. He stated that it would haunt him for the rest of his life. Petitioner requested that his sentence be reduced so that he could return to society and support his family.
Petitioner's attorney recommended reduction in sentence with counseling and probation.
The State's attorney argued against any reduction in sentence. He pointed out the tender age of the victim and the serious nature of the offenses which were carried out repeatedly over a long period of time. The attorney pointed out that petitioner's conduct was a betrayal of trust by a person in authority over the victim. At the time of sentencing, the State recommended a sentence of twenty years with the execution suspended after ten. The sentence imposed by the court was much less than that recommended by the State. CT Page 6947
In imposing sentence, the judge considered all of the favorable aspects of petitioner's prior life. The judge pointed out, however, that petitioner's exemplary public life was a facade masking his private life in which he subjected his daughter to continued sexual abuse. The court which had an opportunity to personally observe petitioner had reservations about the sincerity of his rehabilitative efforts.
The sexual abuse of children, particularly when inflicted by those who are in parental authority over such children, is a most serious offense. The sentence imposed here was well under the maximum authorized by the legislature for such conduct and was not inappropriate or disproportionate. In light of the nature `of the offense, the character of the offender and the need to protect the public and deter petitioner and others from such conduct in the future. The sentence should not be modified. Connecticut Practice Book § 942.
Sentenced affirmed.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.